UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-cr-165 (JRT/LIB) (26) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jarvis Allen King, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion for Severance of Defendants, [Docket No. 455].

On October 13, 2015, Defendant, through counsel, submitted a letter indicating his intent to submit his Motion for Severance of Defendants on the written submissions of the parties. (See Letter [Docket No. 886]). On October 19, 2015, the court took the Defendant's motion under advisement on the written submissions of the parties.

For the reasons discussed below, the Court recommends **DENYING** Defendant's Motion for Severance of Defendants, [Docket 455].

## I.    BACKGROUND AND STATEMENT OF RELEVANT FACTS[1]

The Government alleges that between April 2014, and April 2015, "the defendants, conspiring with and aiding and abetting one another and other persons known and unknown to the grand jury participated in various roles and ways to procure, transport, and distribute controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone to the communities in and surrounding the Red Lake Indian

---

[1] Neither the Defendant nor the Government presented supplemental briefing on the present motion; therefore all facts presented are taken from the Indictment, [Docket No. 1].

Reservation, the White Earth Indian Reservation, and Native American communities elsewhere." (Indictment, [Docket No. 1], at ¶ 1). The controlled substances were procured and transported from Detroit, Michigan; Chicago, Illinois; and Minneapolis, Minnesota, among other locations. (Id. at ¶ 2). The Indictment charges a total of forty-one (41) defendants as violating "Title 21, United States Code, Section 841(a)(1)." (Id. at ¶ 12, Count I).

Regarding the present Defendant, the Indictment alleges that Defendant, along with other co-defendants, "did, among other things, facilitate, supervise, manage, transport, maintain residences, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Id. at ¶ 10). The Indictment also alleges that Defendant's conduct as a member of the "narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved quantities of mixtures and substances containing detectable amounts of heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, in violation of Title 21, United States Code, Section 841 (b)(1)(C)." (Indictment, [Docket No. 1], at ¶ 18).

## II.    STANDARD OF REVIEW

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For proper joinder under this provision, it is not necessary that every defendant have participated in or be charged with each offense." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (internal quotation and citation omitted). "[R]arely, if ever, will it be improper for co-conspirator to be tried together." Id. (citing United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

The Federal Rules of Criminal Procedure also provide that if joinder creates prejudice to either the Government or a defendant, the Court may sever a trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[i]f, under Rule 8, joinder is proper, then the defendant seeking severance has a 'heavy burden' in demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Hopkins, No. 11–230 (DWF/SER), 2011 U.S. Dist. LEXIS 127071, at *25–26 (D. Minn. Oct. 5, 2011) (citing Warfield, 97 F.3d at 1019). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534 (1993); see also United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). "Joint trials play a vital role in the criminal justice system," because they achieve certain efficiencies, and because they "avoid[ ] the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209–10 (1987). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." Clay, 579 F.3d at 927 (citing United States v. Al–Esawi, 560 F.3d 888, 891 (8th Cir. 2009)). "The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004).

## III.   ANALYSIS

Defendant moves the Court for an order, pursuant to Federal Rule of Criminal Procedure 14, severing his case from that of all the other defendants in the present case. (Def.'s Mot. for Severance of Defs. [Docket No. 455]).[2]

Defendant's Motion for Severance of Defendants, [Docket No. 455], is conclusory and articulates no specific facts demonstrating either (1) that joinder of the defendants was improper

---

[2] In the alternative to severance of Defendants, the present Defendant requests the Court defer ruling on his motion and order "the attorney for the government to deliver to the court for *in camera* inspection any defendant's statement that the government intends to use as evidence." (Id.).

under Rule 8(b), or (2) that continued joinder will create prejudice sufficient to warrant severance pursuant to Rule 14.

Defendant merely argues generally that severance is proper on the grounds that:

1. The jury will have insurmountable difficulty distinguishing the alleged acts of each defendant from the alleged acts of their co-defendants.
2. Evidence may be introduced by each defendant that would be inadmissible against other defendants in a separate trial to the prejudice of those defendants.

(Def.'s Mot. for Severance of Defs. [Docket No. 455]).

The Defendant has offered no specific facts to support any of the foregoing general assertions. (See Id.). Defendant's motion as submitted on the present record is insufficient to sustain his heavy burden to demonstrate that severance is warranted. The Court could summarily recommend denying Defendant's motion on this basis alone. However, in an abundance of caution, the Court notes that in addition to the fact that Defendant has failed to sustain his burden, the underlying alleged facts relevant to the present case indicate that joinder was indeed proper under Rule 8(b) and that severance pursuant to Rule 14 is not warranted on the present record.

The underlying alleged facts articulated in support of the Indictment indicate that the Defendants participated in the same series of acts or transactions constituting offenses. See Fed. R. Civ. P. 8(b). The facts as set forth in the Indictment indicate that the Defendants acting together conspired with others to possess, with intent to distribute, controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. (Indictment [Docket No. 1]). Accordingly, under Rule 8(b), joinder of the Defendants was proper where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses[,]" and it is not necessary that each

Defendant have participated in each offense. <u>Warfield</u>, 97 F.3d at 1019 (citing Fed. R. Crim. P. 8). The facts set forth in the Indictment in the present case indicate that Defendant, along with other co-defendants and alleged co-conspirators, "did, among other things, facilitate, supervise, manage, transport, maintain residences, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Indictment, [Docket No. 1], at ¶ 10).

Because joinder of the Defendants was proper under Rule 8(b), Defendant necessarily bears the heavy burden of demonstrating that a joint trial will impermissibly infringe on his right to a fair trial. Nothing in the present record before the Court indicates that Defendant stands to incur any specific prejudice attributable to joinder of the Defendants sufficient to warrant severance.

As articulated above, there is a strong preference in the federal system for joint trials. In light of that preference, and at this early juncture, where Defendant can only invite the court to speculate as to what evidence the Government might actually seek to introduce at a joint trial, severance is not, at this time, appropriate. "Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances." <u>United State v. Billups</u>, No. 06-cr-129 (PJS/AJB), F. Supp. 2d 697, 706 (D. Minn. 2006). [3]

As such, for the reasons articulated above, the Defendant's motion for severance is **DENIED** without prejudice.

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[3] For the same reasons, an order directing *in camera* inspection is not, at this time, appropriate. Without the context provided by the other evidence introduced in the Government's case-in-chief, an *in camera* review at this time would also require the Court to engage in speculation as to any potential prejudice. Moreover, such a procedure would operate to deprive the presiding trial judge of the opportunity to order appropriate redactions or draft appropriate curative instructions.

1.  Defendant's Motion for Severance of Defendants, [Docket No. 455], be **DENIED** without prejudice, as set forth above.

Dated: November 16, 2015

s/Leo I. Brisbois
The Honorable Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.